ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 2, 2004

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
Post Office Box 2344
Denton, Texas 76202

Opinion No. GA-0246

Re: Whether a civil service commissioner of a municipality governed by chapter 143, Local Government Code, may be appointed to two or more consecutive terms, and if not, whether the reappointment of a commissioner constitutes a criminal offense (RQ-0201-GA)

Dear Mr. Isaacks:

You ask whether a civil service commissioner of a municipality governed by chapter 143 of the Local Government Code may be appointed to two or more consecutive terms, and if not, whether the reappointment of a commissioner constitutes a criminal offense.[1]

Chapter 143 of the Local Government Code relates to "municipal civil service." TEX. LOC. GOV'T CODE ANN. §§ 143.001-.354 (Vernon 1999 & Supp. 2004). Its purpose is "to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." *Id.* § 143.001(a) (Vernon 1999). Chapter 143 is applicable to any municipality that either (1) has a population of 10,000 or more, a paid fire department and police department, and has voted to adopt [chapter 143] or the law codified by [chapter 143]; or (2) whose election to adopt [chapter 143] and whose acts subsequent to that election were validated by the law enacted by the Seventy-third Legislature in 1993. *See id.* § 143.002. After a municipality adopts chapter 143, a "Fire Fighters' and Police Officers' Civil Service Commission is established in the municipality." *Id.* § 143.006(a).

A civil service commission consists of "three members appointed by the municipality's chief executive and confirmed by the governing body of the municipality." *Id.* § 143.006(b). "Members serve staggered three-year terms with the term of one member expiring each year." *Id.* A person appointed to the commission must, *inter alia*, "not have held a public office within the preceding three years." *Id.* § 143.006(c)(5). You ask whether that provision means that an individual may not be reappointed to a second consecutive three-year term. *See* Request Letter, *supra* note 1, at 1.

---

[1]*See* Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Mar. 2, 2004) (on file with Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Request Letter].

Section 143.006(c) clearly requires that a person appointed to the commission may "not have held a public office" during the past three years. TEX. LOC. GOV'T CODE ANN. § 143.006(c)(5) (Vernon 1999). The relevant language does not state that its application is limited to *another* public office. Rather, it applies to any "public office." *See id.* A statute that is plain and unambiguous on its face will generally be construed as written. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999) (where a statute is clear, courts will not look to extrinsic aids such as legislative history to determine the legislature's intent); *see also Brazos River Auth. v. City of Graham*, 354 S.W.2d 99, 109 (Tex. 1961). Thus, if a civil service commissioner holds a public office, he or she is not eligible for reappointment to a second consecutive term.

The test for determining whether a person holds a public office was formulated by the Texas Supreme Court in 1955. In *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955), the court said that

> the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others*.

*Aldine*, 280 S.W.2d at 583 (emphasis added) (citation omitted). In our view, it is clear that members of a civil service commission hold an "office" under the *Aldine* standard. They are appointed to fixed three-year terms. *See* TEX. LOC. GOV'T CODE ANN. § 143.006(b) (Vernon 1999). Members do not serve at the pleasure of the chief executive or governing body. Under chapter 143, they may be removed in only two ways: (1) if "the governing body of the municipality finds that a commission member is guilty of misconduct in office"; or (2) if "a commission member is indicted or charged by information with a criminal offense involving moral turpitude," and either pleads guilty to or is convicted of the offense. *Id.* § 143.007(a)-(b).

As a body, the commission is empowered to enact rules. *See id.* § 143.008(a). "The commission or a commission member . . . may investigate and report on all matters relating to the enforcement and effect of [chapter 143] and any rules adopted [thereunder] . . . ." *Id.* § 143.009(a). The commission may administer oaths, issue subpoenas, and depose witnesses. *See id.* §§ 143.009(b), .010(d). The commission is required to conduct a hearing whenever a "fire fighter or police officer wants to appeal to the commission from an action for which an appeal or review is provided by" chapter 143. *Id.* § 143.010(a). The commission must "conduct the hearing fairly and impartially . . . and shall render a just and fair decision." *Id.* § 143.010(g). "Each concurring commission member" is directed to "sign a decision issued by the commission." *Id.* § 143.011(a).

In sum, we believe it is clear that a municipal civil service commissioner holds a public office. A commission member serves for a fixed term, adjudicates rights and is subject to removal only for cause. Accordingly, it may fairly be said that a commissioner exercises his or her duties "largely independently of the control of others." *Aldine*, 280 S.W.2d at 583. As a result, a civil service commissioner holds a public office and may not be reappointed to a second consecutive term as civil service commissioner.

You also ask whether the reappointment of a commissioner constitutes a criminal offense. *See* Request Letter, *supra* note 1, at 1.  Section 143.006(h) of the Local Government Code provides:

> The chief executive of a municipality or a municipal official commits an offense if the person knowingly or intentionally refuses to implement this chapter or attempts to obstruct the enforcement of this chapter.    An offense under this subsection is a misdemeanor punishable by a fine of not less than $100 or more than $200.

TEX. LOC. GOV'T CODE ANN. § 143.006(h) (Vernon 1999).  It is not clear whether the reappointment of a civil service commissioner to a second consecutive term would constitute a "refus[al] to implement" chapter 143 or an attempt to "obstruct the enforcement" of that chapter.  *Id.* § 143.006(h).  In addition, section 143.006(h) states that an offense occurs only if the person acts "knowingly or intentionally."  *Id.* The existence of some confusion on the issue under consideration, as evidenced by your request to us, indicates that even if a reappointment could be characterized as a refusal to implement or an attempt to obstruct, it might be difficult to demonstrate the existence of intent.  In any event, whether to proceed in such a case is a matter squarely within prosecutorial discretion.

## S U M M A R Y

A person appointed to the civil service commission of a municipality may not be reappointed to a second consecutive term. Whether such a reappointment constitutes a criminal offense depends upon a variety of factors, including whether the appointee acted knowingly or intentionally to violate the law, and thus cannot be determined here.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee